UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASAWRI JAALI ELLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STANISLAUS COUNTY SHERIFF DEPARTMENT, JEFF DEIRSKE, LIZETTE YEPEZ and MICHELLE SILVERIRA,<br><br>　　　　Defendants. | Case No.  1:22-cv-00732-HBK (PC)<br><br>ORDER TO ASSIGN CASE TO A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS[1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No.  23) |

　　　　This matter comes before the Court upon periodic review.  As more fully set forth below, the undersigned recommends this case be dismissed without prejudice due to Plaintiff's failure to prosecute this action and timely comply with the Court's orders.

## I. FACTS AND BACKGROUND

　　　　Plaintiff Tasawri Jaali Ellis, a county jail detainee, proceeding pro se and *in forma pauperis* initiated this action by filing a 42 U.S.C. § 1983 civil rights complaint on June 16, 2022. (Doc. No. 1, "Complaint").  The Complaint alleges a construed First Amendment access of court

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

claim, although it references the Sixth and Fourteenth Amendments. (Doc. No. 1 at 1-3). The Complaint is brief and provides only a few sentences in support of the claim. (Doc. No. 1 at 1-3).

On July 5, 2022, the undersigned issued a screening order under 28 U.S.C. 1915A, finding the Complaint failed to state a First Amendment access to court claim, or any other claim. (Doc. No. 5 at 3-5). The undersigned found the Complaint was devoid of any facts alleging a causal connection with any named defendant, included only conclusory allegations, and identified at least one defendant who was not *sui juris*. (*Id.*). Having found the Complaint deficient and subject to dismissal, the undersigned afforded Plaintiff three options: (1) file a first amended complaint, (2) file a notice that he intended to stand on his initial complaint subject to the undersigned recommending the district court dismiss the initial complaint, or (3) file a notice of voluntary dismissal. (*Id.* at 5-6). Plaintiff was given a twenty-one (21) day deadline to elect one of the three options. Plaintiff was further warned that the failure to timely respond to the Court's screening order, or seek an extension of time do so, would result in the recommendation that this case be dismissed for failure to prosecute and/or comply with a Court order. (*Id.* at 7). The deadline has passed[2] and Plaintiff has not elected any of the three options or otherwise moved for an extension of time. (*See generally* docket).

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits the court to impose sanctions on a party who fails to comply with any order of the court.

Involuntary dismissal is a harsh penalty, but it "is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Pagtalunan v. Galaza*, 291

---

[2] The Court afforded Plaintiff ten (10) mailing days to provide for receipt of the order and for Plaintiff to mail his response to the screening order.

F.3d 639, 642 (9th Cir. 2002). Before dismissing an action under Fed. R. Civ. P. 41, the court *must* consider: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage a docket; (3) the risk of prejudice to defendant; (4) public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *See Applied Underwriters*, 913 F.3d at 889  (noting that these five factors "must" be analyzed before a Rule 41 involuntary dismissal) (emphasis added); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (reviewing five factors and independently reviewing the record because district court did not make finding as to each factor); *but see Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000) (listing the same five factors, but noting the court *need not* make explicit findings as to each) (emphasis added); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming dismissal of *pro se* § 1983 action when plaintiff did not amend caption to remove "et al" as the court directed and reiterating that an explicit finding of each factor is not required by the district court).

### III.  ANALYSIS

The undersigned considers each of the above-stated factors and concludes dismissing this case is warranted. The expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990–91 (9th Cir. 1999). Turning to the second factor, the Court's need to efficiently manage its docket cannot be overstated. This Court has "one of the heaviest caseloads in the nation," and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency. *See* Amended Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California. The Court's time is better spent on its other matters rather than needlessly consumed managing a case with a recalcitrant litigant. Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan*, 291 F.3d at 644  (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Delays have the inevitable and inherent risk that

evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968).

Finally, the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby addressing the fifth factor. Considering these factors and those set forth *supra*, as well as binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

Accordingly, it is **ORDERED**:

The Clerk of Court shall assign this case to a district court judge.

It is further **RECOMMENDED**:

This case be dismissed without prejudice for Plaintiff's failure to prosecute this action after being directed to file an amended complaint.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  August 5, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE